# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11248

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ISREAL ELIAS JIMENEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-80-1

Before STEWART, Chief Judge, and JONES and HIGGINSON, Circuit Judges.

PER CURIAM:*

Isreal Elias Jimenez appeals his sentence, arguing that the district court over-estimated the amount of drugs he possessed. Because there was evidence that "ounces" in the Dallas-Fort Worth illegal drug trade may be smaller than the sentencing guidelines' ounces, Jimenez argues that the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have used the smaller ounces in its drug quantity conversion. We disagree and **AFFIRM** the district court's sentence.

Jimenez pled guilty to conspiracy to possess a controlled substance with intent to distribute. 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) (2010). In the presentence report, the probation officer considered six sets of drug transactions. Most of the transactions involved the buying and selling of "ounces" of heroin. The probation officer then used the sentencing guidelines' Measurement Conversion Table to convert ounces to grams for sentencing. According to this conversion, Jimenez possessed 3.23 kilograms of heroin. S*ee* U.S.S.G. § 2D1.1 (2012). Based on that quantity, Jimenez's base offense level was 34. *See* U.S.S.G. § 2D1.1(c)(3) (2012).

Jimenez objected to using the Conversion Table to determine the amount of heroin he possessed. In the Dallas-Fort Worth area, he argued, an "ounce" of heroin weighs 25 grams, as opposed to the Conversion Table's 28.3495 grams. Using the 25-gram "street" or "Mexican" weight to calculate the drug quantity would reduce his total drug quantity to 2.88 kilograms. It would also reduce his base offense level from 34 to 32. The Government noted that, "in general, an ounce of heroin is typically understood to be 25 grams, as opposed to the standard conversion of 28.3495 grams." The probation officer responded that it was proper to use the Conversion Table.

At the sentencing hearing, ATF Task Force Officer Jake White testified that it is common for Dallas-Fort Worth area drug "dealers to use the term 1 ounce of heroin, but the translation is 25 grams, instead of 28 grams." Jimenez did not present any other evidence. The district court ruled that the probation officer correctly used the Conversion Table to determine the drug quantity. ROA.63. Jimenez was sentenced to 240-months imprisonment and four years of supervised release. Jimenez timely appealed.

No. 13-11248

This court reviews a district court's drug-quantity finding for clear error. *United States v. Johnston*, 127 F.3d 380, 403 (5th Cir. 1997). Such findings are made on the basis of a preponderance of the evidence. *Id.* The district court's drug quantity findings are not clearly erroneous if they are plausible in the light of the entire record. *Id.*

Jimenez has failed to show that the district court's use of the Conversion Table was erroneous. "The defendant bears the burden of demonstrating that information the district court relied on in sentencing is materially untrue." *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996) (internal quotation marks and citation omitted). Although Jimenez introduced testimony showing that an "ounce" in the Dallas-Fort Worth area is 25 grams, he failed to introduce any evidence that the particular transactions in which he participated involved 25-gram ounces. Nor is there any other evidence in the record to support Jimenez's claim. The government seized two bags of heroin, each containing approximately 25.69 grams. Given that Jimenez is responsible for between 2.88 and 3.23 kilograms, this evidence is relatively small and inconclusive. Absent any other evidence showing that Jimenez's transactions involved 25-gram ounces, Jimenez has failed to show that the district court's use of the Conversion Table was reversible error.

Accordingly, we **AFFIRM** the district court's sentence.